IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

CLAYTON ROBINSON,
Plaintiff,

v.   Civil No. 3:23cv363 (DJN)

CITY OF RICHMOND POLICE DEPARTMENT,
Defendant.

**MEMORANDUM OPINION**

Plaintiff Clayton Robinson ("Plaintiff"), proceeding *pro se*, brings this action against Defendant City of Richmond Police Department ("Richmond Police Department"), asserting a claim under 42 U.S.C. § 1983. This matter comes before the Court on Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) ("Motion" (ECF No. 5)), moving the Court to dismiss the Complaint for failure to state a claim upon which relief can be granted.

For the reasons set forth below, the Court will GRANT Defendant's Motion (ECF No. 5) and will DISMISS WITHOUT PREJUDICE Plaintiff's Complaint (ECF No. 1) with leave to amend within thirty (30) days of the date of this Order.[1] If the Plaintiff files an Amended Complaint within thirty (30) days, the Clerk SHALL reopen the case.

---

[1] The Fourth Circuit has instructed district courts to explicitly grant leave to amend when they believe a deficiency in a complaint can be cured. *Britt v. Dejoy*, 45 F.4th 790, 796 (4th Cir. 2022). Conversely, "[w]hen a district court dismisses a complaint or all claims without granting leave to amend, its order is final and appealable." *Id.* at 791.

## I. BACKGROUND

### A. Factual Background

At this stage, the Court must accept as true the facts set forth in the Complaint (ECF No. 1). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Against this backdrop, the Court accepts the following facts as alleged for purposes of resolving the instant motion.

On or around May 3–5, 2022, the Richmond Police Department responded to a "volatile" and "hostile situation" at 2000 Riverside, Richmond, Virginia. (Compl. at 4.) Plaintiff appears to allege that police officers arrested him, the father of a child, for actions that were not criminal but failed to arrest the mother for denying him visitation rights. (*Id.*) Plaintiff's felony arrest was "based on race" and "without investigation or proof of crime." (*Id.*) Plaintiff also alleges that Officer Courtney Berlack agitated the situation. (*Id.*) Plaintiff further indicated that "Magistrate Stewart Ball corrected the Detective on her arrest, [but] the detective proceeded otherwise and secured another arrest for the same non-criminal act." (*Id.*) Plaintiff argues that he suffered emotional and psychological damages as a result. (*Id.* at 5.) He requests $788,334 for lost wages, therapy and debt management. (*Id.*)

### B. Procedural History

On June 1, 2023, Plaintiff filed his Complaint (ECF No. 1), asserting a § 1983 claim based on the above allegations. On July 19, 2023, Defendant responded by filing this Motion (ECF No. 5). On August 1, 2023, Plaintiff filed his Opposition to Defendant's Motion ("Opposition" (ECF No. 8)). Defendant elected not to respond to Plaintiff's Opposition, and the time period for filing a Reply has elapsed, thus rendering this Motion ripe for review.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint; it does not serve as the means by which a court will resolve factual contests, determine the merits of a claim or address potential defenses. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a motion to dismiss, the Court accepts the plaintiff's well-pleaded allegations in the complaint as true and views the facts in the light most favorable to the plaintiff. *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under the Federal Rules of Civil Procedure, a complaint must state facts sufficient to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). As the Supreme Court opined in *Twombly*, a complaint must state "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action," though the law does not require "detailed factual allegations." *Id.* (citations omitted). Ultimately, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," rendering the right "plausible on its face" rather than merely "conceivable." *Id.* at 555, 570. Thus, a complaint must assert facts that are more than "merely consistent with" the other party's liability. *Id.* at 557. The facts alleged must be sufficient to "state all the elements of [any] claim[s]." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).

Lastly, it is well established that district courts must liberally construe a *pro se* litigant's complaint. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). However, courts need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* As the Fourth Circuit explained,

3

"[t]hough [*pro* se] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).

### III.   ANALYSIS

Plaintiff brings a claim under § 1983 based on an Eighth Amendment violation, false arrest, and racial/gender bias. (Compl. at 3.) The Court construes these claims to be against Officer Berlack in both her official and individual capacity. *See Lambert v. Williams*, 223 F.3d 257, 260 (4th Cir. 2000) (requiring liberal construction of a *pro se* complaint). Defendant asserts that Plaintiff fails to satisfy the *Monell* standard for establishing liability against the Richmond Police Department. (Mot. at 4.) Furthermore, Defendant argues that the Complaint provides nearly no factual context to support any underlying constitutional violations. (*Id.* at 2.) The Court agrees and finds that Plaintiff fails to challenge any policy or custom that caused the constitutional violation. Furthermore, because Plaintiff has not alleged facts sufficient to demonstrate that he suffered a deprivation of any constitutional rights, the Court finds that Plaintiff fails to state a claim under § 1983.

#### A.   Plaintiff fails to state a claim under *Monell*.

Section 1983 imposes civil liability on any person acting under color of law to deprive another person of the rights and privileges secured by the Constitution and laws of the United States. 42 U.S.C. § 1983; *Zombro v. Baltimore City Police Dep't*, 868 F.2d 1364, 1366 (4th Cir. 1989). However, a municipality cannot be held liable under § 1983 based upon a theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Instead, municipal liability arises only where the municipality has undertaken an official policy or custom

that causes an unconstitutional deprivation of the plaintiff's rights. *Brown v. Mitchell*, 308 F. Supp. 2d 682, 692 (E.D. Va. 2004). A plaintiff may establish municipal policy or custom through: (1) express ordinances and regulations; (2) affirmative decisions of policy makers; (3) omissions by policy makers that "manifest deliberate indifference to the right of citizens," or (4) practices that are so "persistent and widespread" and "so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999).

A § 1983 claim brought against a state official in her official capacity is treated as an action against the public employer. *McPhearson v. Anderson*, 874 F. Supp. 2d 573, 581 (E.D. Va. 2012) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). Plaintiff names Officer Courtney Berlack in her official capacity in his Complaint, and therefore, any claims against Officer Berlack are treated as actions against the Richmond Police Department. (Compl. at 2.) However, Plaintiff's Complaint stands void of a single reference to any Richmond Police Department policy or custom that has resulted in a constitutional violation. Plaintiff does not identify express ordinances or regulations or suggest that Officer Berlack constitutes a policy maker. Nor does Plaintiff rely on any persistent and widespread practice to demonstrate that the Richmond Police Department caused a violation of his federal rights. Therefore, Plaintiff fails to allege facts sufficient to meet the *Monell* standard for establishing liability against the Richmond Police Department.

### B. Plaintiff has not alleged facts sufficient to demonstrate that he suffered a deprivation of any constitutional rights.

Section 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Therefore, the first step in addressing a § 1983 claim is "to identify the specific

5

constitutional right allegedly infringed." *Id.* at 271. Plaintiff asserts three bases for his § 1983 action: (1) the Eighth Amendment, (2) false arrest, and (3) racial/gender bias. (Compl. at 3.) The Court addresses each in turn.

### 1. Plaintiff fails to state a claim for an Eighth Amendment violation.

The Eighth Amendment, as applied to the States through the Fourteenth Amendment, prohibits cruel and unusual punishments. U.S. Const. amend. VIII. However, the Eighth Amendment's protections do not attach until after conviction. *Graham v. Connor*, 490 U.S. 386, 392 n.6 (1989). Here, Plaintiff asserts that Richmond police officers arrested him, the father of a child, for actions that were not criminal but failed to arrest the mother for denying him visitation rights. (Compl. at 4.) Plaintiff also alleges that Officer Berlack agitated "an already hostile situation." (*Id.*) Because the alleged conduct occurred prior to any conviction, the Eighth Amendment prohibition against cruel and unusual punishment does not apply. Thus, the Court finds that Plaintiff fails to state a claim under § 1983 based on an Eighth Amendment violation.

### 2. Plaintiff fails to state a claim for false arrest.

The Fourth Amendment, made applicable to the States by the Fourteenth Amendment, protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. False arrest claims brought pursuant to § 1983 "are properly analyzed as unreasonable seizures under the Fourth Amendment." *McPhearson*, 874 F. Supp. 2d at 580. However, the Fourth Circuit has "recognize[d] implicitly that a claim for false arrest may be considered only when no arrest warrant has been obtained." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *see also Torchinsky v. Siwinski*, 942 F.2d 257, 262 (4th Cir. 1991) ("When a police officer protects a

6

suspect's rights by obtaining a warrant from a neutral magistrate, the officer should, in turn, receive some protection from suit under 42 U.S.C. § 1983.").

Plaintiff has not stated a claim for false arrest in violation of the Fourth Amendment. In his Complaint, Plaintiff alleges: "After Magistrate Stewart Ball corrected the Detective on her arrest, the detective proceeded otherwise and secured another arrest for the same non-criminal act." (Compl. at 4.) Because Officer Berlack appeared to be acting pursuant to an arrest warrant issued by a neutral magistrate, no false arrest could have occurred. *See Porterfield*, 156 F.3d at 568 (finding that the arrestee's right to be free from false arrest was not violated). Furthermore, Plaintiff has not alleged facts suggesting that the warrant was facially invalid or that Officer Berlack could not reasonably rely upon it. Thus, the Court finds that Plaintiff has not alleged sufficient facts to support a Fourth Amendment violation.

### 3. Plaintiff fails to state a claim for racial or gender bias.

The Court construes Plaintiff's "legal rights based on Racial/Gender bias" as an equal protection claim. (Compl. at 3.) The Equal Protection Clause of the Fourteenth Amendment commands that similarly situated persons be treated alike. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state an equal protection claim, a plaintiff must allege facts indicating "that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Here, Plaintiff asserts that the "Richmond Police used double standards based on race" to arrest him, the father of a child, for actions that were not criminal but failed to arrest the mother for denying him visitation rights. (Compl. at 4.) However, Plaintiff alleges no facts indicating that he was arrested because of purposeful or intentional discrimination. *See Personnel Adm'r v. Feeney*, 442 U.S. 256, 279

(1979) ("Discriminatory purpose . . . implies more than intent as volition or intent as awareness of consequences. . . . It implies that the decision maker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group.") Thus, the Court finds that Plaintiff fails to state a claim under § 1983 based on a Fourteenth Amendment violation.

## IV. CONCLUSION

For the reasons set forth above, the Court will GRANT Defendant's Motion (ECF No. 5) and will DISMISS WITHOUT PREJUDICE Plaintiff's Complaint (ECF No. 1) with leave to amend within thirty (30) days of the date of this Order. If the Plaintiff files an Amended Complaint within thirty (30) days, the Clerk SHALL reopen the case.

An appropriate Order shall issue.

Let the Clerk file a copy of this Memorandum Opinion electronically and notify all counsel of record.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: October 19, 2023

8